PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAMÓN
RODRÍGUEZ, Defendant and Appellant.

No. 3130.   Argued March 16, 1927.—Decided March 25, 1927.

*Miguel Bahamonde* for the appellant.   *José E. Figueras* for the
appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The information was as follows:

"The said Ramón Rodríguez, on or about the 22nd day of August,
1926, and in the ward of Pulguillas of Coamo, Porto Rico, which
forms part of the Judicial District of Ponce, Porto Rico, unlawfully
and wilfully carried (in a lawful meeting) a barber's razor, which
is an arm or instrument with which bodily injury may be caused."

After a trial the court found the defendant guilty of
carrying prohibited weapons and sentenced him to six months
in jail.   The evidence has not been certified up to us and the
only error assigned is that the information is insufficient.

This, according to appellant, was a prosecution under
section 2 of the Act of June 25, 1924, as follows:

"That any person taking part in or entering any meeting held
for lawful purposes and unlawfully carrying any of the arms hereby
prohibited, shall be punished by imprisonment for not less than three
months nor more than one year."

The contention is that the words *"en una reunión lícita"*
(in a lawful meeting) are a mere conclusion of law and that
the information contains nothing to show the nature of the
said reunion or that people were in fact congregated there,
or for a legal purpose.

To a certain extent the information follows the statute. The appellant asserts that the words "in a lawful meeting" are a mere conclusion of law. If these words merely described a place like a "ball room" we might agree with the appellant, but the word "meeting" (*reunión*) implies an assembly of people.

The appellant says that objection was made to the complaint, but the record does not show this. Any deficiency in the charge may have been cured by the evidence. We think the defendant was sufficiently apprized of the nature of the charge against him and in the absence of due objection and of the evidence taken at the trial we find no reason for reversal.

Furthermore, the judgment finds the defendant guilty of carrying a prohibited weapon and this is consistent with a general charge of carrying a prohibited weapon. The punishment in any case was within the limit fixed by the law and the judgment should be affirmed.